IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| **Plaintiff** | : | |
| v. | : | **3:21-CV-484** |
| | : | **(JUDGE MARIANI)** |
| KRYSTA L. SMITH | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

Presently before the Court is the United States' Motion for Default Judgment (Doc.

7). For the reasons set forth herein, the Court will grant the United States' motion.

On March 18, 2021, Plaintiff, the United States of America on behalf of its Agency,

the Rural Housing Service, filed a Complaint seeking mortgage foreclosure on property

located at 155 Wildflower Lane, Dalton, PA 18414, of which Defendant Krysta Smith is the

current record holder. (Doc. 1).

An Affidavit of Service filed of record demonstrates that the Summons and Complaint

were served upon Defendant Smith on August 19, 2021 at 231 Bridge Street, Tunkhannock,

PA, when the process server handed a copy of the documents to Charles Smith, Ms.

Smith's father. (Doc. 5). Mr. Smith confirmed to the process server that Defendant receives

mail at the 231 Bridge Street address but that "she moves around and is currently staying

somewhere else." (*Id.*). Despite the effectuation of service, no attorney has entered an

appearance on behalf of the defendant nor has the defendant filed a pleading or performed

any other action to otherwise defend the case.  Thus, on October 21, 2021, Plaintiff filed a

Request for Entry of Default, pursuant to Fed. R. Civ. P. 55(a), against Defendant Smith

(Doc. 6).  The Clerk of Court entered default against the defendant on November 3, 2021.

(Doc. 10).  Simultaneously with the filing of the Request for Entry of Default, the United

States filed a Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b)(2) (Doc. 7).

## II. STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure, "[w]hen a party against whom a

judgment for affirmative relief is sought has failed to plead or otherwise defend, and that

failure is shown by affidavit or otherwise, the clerk must enter the party's default".  Fed. R.

Civ. P. 55(a).  Upon the party's request, the clerk of court may then enter default judgment,

but only if the claim is for a sum certain or one that can be made certain by computation, the

defendant has made no appearance, and the defendant is not a minor or incompetent

person.  *Id*. at 55(b)(1).  In all other cases, the party seeking a default judgment must make

an application to the court.  *Id*. at 55(b)(2).

Although the entry of default judgment is "left primarily to the discretion of the district

court", the discretion is not limitless given that cases should "be disposed of on the merits

whenever practicable."  *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-1181 (3d Cir. 1984).

"Where a court enters a default judgment, 'the factual allegations of the complaint, except

those relating to the amount of damages, will be taken as true.'" *DIRECTV, Inc. v. Pepe*, 431

F.3d 162, 165 n. 6 (quoting *Comdyne I, Inc. v. Corbin,* 908 F.2d 1142, 1149 (3d Cir. 1990)).

### III. BACKGROUND

The well-pleaded factual allegations of the Complaint, which the Court takes as true,

*see DIRECTV*, 431 F.3d at 165 n. 6, are set forth below.

On or about April 30, 2015, the United States of America, acting through the Under

Secretary of Rural Development, on behalf of the Rural Housing Service, United States

Department of Agriculture, loaned Defendant Smith $160,100.00 pursuant to the provisions of

Title V of the Housing Act of 1949, as amended, (42 U.S.C. § 1471, *et seq*.,) and Defendant

executed and delivered to the United States a Promissory Note dated April 30, 2015, in the

amount of $160,100.00. (Doc. 1, at ¶¶ 3, 4; *see also*, Doc. 1, Ex. A). Smith also executed

and acknowledged to the United States, on or about that same day, a Real Estate Mortgage

which granted and conveyed and mortgaged the real property described in the Mortgage,

specifically 155 Wildflower Lane, Dalton, PA 18414, to the United States. (*Id*. at ¶ 5; *see also*,

Doc. 1, Ex. B). The Real Estate Mortgage was recorded on April 30, 2015, with the Office of

the Recorder of Deeds, Wyoming County, Pennsylvania. (*Id*.).

Plaintiff is the owner and holder of the Note and Mortgage, neither of which has been

assigned. (*Id*. at ¶ 6).

The United States asserts that the Note and Mortgage are in default as Smith has

"failed or refused to comply with the provisions of the Note and Mortgage, as follows: (a)

3

failed or refused to pay the installments of principal and interest when due; (b) failed or refused to pay real estate taxes when due; and (c) failed to maintain the security of the Property." (Doc. 1, at ¶ 8). The Complaint therefore states that the United States "elects to declare the entire amount of the indebtedness of the Note and Mortgage to be immediately due and payable." (*Id*. at ¶ 9). By certified mail dated May 24, 2016, Plaintiff sent Smith a "Notice of Acceleration of your Rural Housing Service Loan(s); Demand for Payment of that Debt; Notice of Right to Cure your Delinquency; Notice of Intent to Foreclose; and Notice of your Opportunity to have a Hearing Concerning this Action." (Doc. 1, Ex. D; Doc. 1, at ¶ 11).

According to the United States, the amounts due and owing on the Note and Mortgage, totaling $206,910.10, are calculated as follows:

| | |
|---|---|
| PRINCIPAL BALANCE | $152,072.64 |
| Interest from 11/28/2015 to 03/16/2021 at 3% | $ 24,185.63 |
| Late Charges | $ 95.30 |
| | **$ 176.353.57** |
| Fees Required with Payoff Funds | +$ 1,648.03 |
| Fees Currently Assessed | +$ 28,908.50 |
| | |
| TOTAL | **$ 206,910.10** |

(Doc. 1, at ¶ 10).

## IV. ANALYSIS

"In a mortgage foreclosure action, the plaintiff must show the existence of an obligation secured by a mortgage, and a default on that obligation." *United States v. Abell*, 2012 WL 37627, at *2 (M.D. Pa. 2012) (granting United States' unopposed motion for summary judgment in mortgage foreclosure action where Defendant secured loan pursuant to Title V of the Housing Act of 1949) (collecting cases).

Here, the United States' allegations, when taken as true, state a valid cause of action for a mortgage foreclosure. The Government has adequately pleaded, and supported through exhibits and affidavits attached to the Complaint and Motion for Default Judgment, the existence of an obligation secured by a mortgage and promissory note, and a default by Defendant Smith on that obligation through her failure to comply with the provisions of the Mortgage and Note by not paying the installments of principal and interest and the real estate taxes and by failing to maintain the security of the property.

In determining whether to grant a motion for default judgment, a Court must also consider three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).

With respect to the prejudice to the United States if default is denied, this factor weighs in favor of the United States. Absent the default judgment, the United States will be

faced with an indefinite, and possibly permanent, delay in the adjudication of its claims and is left with no alternative means to vindicate its claims against the defaulting party. Furthermore, the record reflects that Defendant has not made a payment since November of 2015, and the United States has therefore not received any payment for over six years and will continue to suffer prejudice should this action not be timely resolved.

As to whether the defendant appears to have a litigable defense, this factor also weighs in favor of the plaintiff.  "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *$55,518.05 in U.S. Currency*, 728 F.2d at 195 (citing *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242, 244 (3d Cir. 1951); *Farnese v. Bagnasco,* 687 F.2d 761, 764 (3d Cir. 1982)).  In the present action, Smith has not filed an answer or performed any other action to defend the case or set forth any meritorious defenses and this Court is not aware of one or more possible defenses which may constitute a complete defense here.

The third factor, whether the defendant's delay is due to culpable conduct, also weighs in favor of the United States.  "In this context culpable conduct means action taken willfully or in bad faith."  *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123-124 (3d Cir. 1983).  Although the Court is reluctant to attribute bad faith to Smith, the record reflects that Defendant has been on notice of this action since approximately August 19, 2021, when service of the Complaint was effected (*see* Doc. 5).  The Government further mailed

6

the Request for Entry of Default and the Motion for Default Judgment, Memorandum of Law,

and accompanying documents, in October of 2021 to Smith at both the Wildflower Lane

address and Bridge Street address in an attempt to place her on notice of the motion for

default and motion for default judgment. (Doc. 6, at 3; Doc. 7, at 4). Despite service of the

Complaint almost five months ago, and service of the Request for Entry of Default and the

Motion for Default Judgment and accompanying documents over two months ago, Smith

has failed to respond or take any other action to defend this lawsuit since its filing. At

minimum, this lack of action amounts to deliberate and willful conduct.

Finally, although the Court does not take as true the moving party's factual allegations

or legal conclusions relating to the amount of damages as set forth in the Complaint,

*Comdyne I, Inc.,* 908 F.2d at 1149, the United States has offered support for its claim for a

sum certain of $206,910.10 in its documents supporting the Complaint and the Motion for

Default Judgment, including the signed Promissory Note and signed Mortgage for the

property at issue, both dated April 30, 2015, the Notice of Acceleration and Intention to

Foreclose (Doc. 1, Ex. A, B, D), and the Affidavit of Attorney Rebecca Solarz (Doc. 7, at 2-3).

Pursuant to the Federal Rules of Civil Procedure, a Court "may conduct hearings or

make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an

accounting; (B) determine the amount of damages; (C) establish the truth of any allegation

by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 50(b)(2). However, a

hearing is not necessary in this case where the United States seeks a foreclosure of the

promissory note and mortgage as this amount is a sum certain that has been adequately supported by the evidence of record. *See e.g., United States v. Sourbeer*, 2016 WL 5373641, at *2 (M.D. Pa. 2016) ("There are no damages, as Plaintiff seeks a foreclosure of the promissory note and mortgage, and repayment of the loan, interest, and fees, totaling $231,842.91. . . This amount is a sum certain, as 'no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default.' *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 929 (9th Cir. 2004), *cert. denied*, 544 U.S. 949 (2005)."); *United States v. Kline*, 2019 WL 1354150, at *2 (M.D. Pa. 2019).

## V. CONCLUSION

For the foregoing reasons, the Court will grant the United States' Motion for Default Judgment (Doc. 7). A detailed Order follows.

Robert D. Mariani
United States District Judge

8